IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COREY LOCKE,**<br><br>                              Plaintiff,<br><br>              **v.**<br><br>**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**<br><br>                              Defendant. | 1:12-cv-01430 MJS<br><br>**ORDER REGARDING REQUESTS TO SEAL DOCUMENTS**<br><br>(Docs. 53, 57, 60.) |

Presently before the Court is Defendant American Bankers Insurance Company of Florida's ("ABIC") motion for partial summary judgment and motion to dismiss or deny certification and Plaintiff's motion for class certification. (See ECF Nos. 39, 51, 59.)

The parties have requested that the Court seal thousands of pages of documents submitted in connection with the above-referenced motions. It is anticipated that the parties will be filing additional requests for sealing in connection with Plaintiff's recently filed motion for class certification and other future motions. For the reasons and subject to the orders below, the Court denies the pending requests to seal and directs the following procedures  be followed in connection with all requests to seal.

I.      **FACTUAL BACKGROUND**

Plaintiff Corey Locke has been employed as field staff adjuster for Defendant for

1

1   approximately ten years. Plaintiff gathers and submits information and evidence related

2   to property losses for insurance claims adjustment purposes. (Am. Compl. (ECF No. 28)

3   ¶ 30.) Plaintiff alleges that Defendant misclassified Plaintiff and all similarly situated

4   class members as "exempt" employees and failed to pay them overtime, minimum

5   wages, and other related protections under the Fair Labor Standards Act ("FLSA"), 29

6   U.S.C. §§ 201, et seq., and California Labor Code. (Id. at ¶ 31.) Plaintiff's action seeks to

7   certify a nationwide class of similarly situated employees to redress the labor claims.

8       Several motions have been filed in the instant matter.  Each shall be addressed

9   separately. However, both parties have filed requests to seal documents filed in

10  connection with the motions. (See ECF Nos. 40, 53, 57, 60.)

11  **II.    LEGAL STANDARD FOR SEALING DOCUMENTS**

12      Courts have long recognized a "general right to inspect and copy public records

13  and documents, including judicial records and documents." Nixon v. Warner Commc'ns,

14  Inc., 435 U.S. 589, 597 (1978) (denying release of the "Nixon tapes" that were played in

15  open court and entered into evidence). "This right extends to pretrial documents filed in

16  civil cases." Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midlan Nat'l Life Ins. Co.

17  Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). "Unless

18  a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of

19  access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172,

20  1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

21  1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to

22  seal a judicial record must articulate justifications for sealing that outweigh the historical

23  right of access and the public policies favoring disclosure. See id. at 1178-79.

24      The Ninth Circuit has determined that the public's interest in non-dispositive

25  motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a

26  party seeking to seal a document attached to a non-dispositive motion need only

27  demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d

28  665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions

because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). That party must make a "*particularized showing* of good cause with respect to any individual document." San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999) (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana, 447 F.3d at 1179 (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1294 (9th Cir. 1986)). Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate "compelling reasons" in favor of sealing. See id. at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179 (citing Foltz, 331 F.3d at 1136). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (citing Nixon, 435 U.S. at 598).

Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Pintos, 605 F.3d at 679 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection

3

1    under seal. Nixon, 435 U.S. at 598.

2         Here, the compelling reason standard clearly applies to the motion for summary

3    judgment. The Court also concludes that the compelling reason standard should apply to

4    the class certification motions as well. See Davis v. Devanlay Retail Group, Inc., 2012

5    U.S. Dist. LEXIS 109798, 4 (E.D. Cal. Aug. 3, 2012) (class certification "is one that will

6    affect whether or not the litigation proceeds, the motion is considered dispositive and

7    subject to the compelling reasons standard."); contra In re NCAA Student-Athlete Name

8    & Likeness Licensing Litig., 2013 U.S. Dist. LEXIS 85375, 11 (N.D. Cal. June 17, 2013).

9    **III.   ANALYSIS**

10        The existing requests to seal are improper under the standards articulated by the

11   Ninth Circuit. In its requests to seal documents filed in support of its motion for summary

12   judgment and reply to the opposition of the motion, Defendant asserts that the

13   documents contain "ABIC's confidential insurance claim files, and ABIC's confidential

14   corporate policy and procedure" and that the documents include "confidential and/or

15   trade secret information of ABIC and/or the private information of third parties." (See

16   ECF Nos. 40, 57.) Plaintiff, on the other hand, in requesting documents be sealed in

17   support of its opposition to the motion for summary judgment and in support of its motion

18   for class certification, only states that he "takes no position as to the confidential nature

19   of these documents," but that they were designated confidential by Defendant, and

20   Plaintiff was therefore obligated to file the documents under seal as required by the

21   protective order. (ECF Nos. 53, 60.)

22        Defendant, as the party asserting the need for confidentiality, has failed to provide

23   any specific information, let alone compelling reasons as required by the Ninth Circuit,

24   why the documents are required to be filed under seal. "[C]onclusory arguments" and

25   "blanket" assertions that documents are "confidential and proprietary" are insufficient to

26   overcome the presumption against sealing. Ingram v. Pac. Gas & Elec. Co., 2013 U.S.

27   Dist. LEXIS 136887, 9-10 (N.D. Cal. Sept. 24, 2013) (citing Wells Fargo & Co. v. ABD

28   Ins. & Fin. Servs., No. 12-cv-3856-PJH, 2013 U.S. Dist. LEXIS 32593, 2013 WL 897914,

1   at *2 (N.D. Cal. Mar. 8, 2013)). The Ninth Circuit, in an unpublished opinion, has

2   identified a trade secret as "any formula, pattern, device or compilation of information

3   which is used in one's business, and which gives him an opportunity to obtain an

4   advantage over competitors who do not know or use it." <u>In re Elec. Arts, Inc.</u>, 298 F.

5   App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case,

6   applying <u>Kamakana</u> and <u>Nixon</u>, the Ninth Circuit reversed a district court for refusing to

7   seal information that qualified under this standard. <u>In re Elec. Arts, Inc.</u>, 298 Fed. App'x.

8   at 569. On the other hand, information does not have value to a competitor merely

9   because the competitor does not have access to it." <u>Travelers Prop. Cas. Co. of Am. v.</u>

10  <u>Centex Homes</u>, No. 11-cv-3638-SC, 2013 U.S. Dist. LEXIS 26241, 2013 WL 707918, at

11  *1 (N.D. Cal. Feb. 26, 2013) (plaintiff-insurer's "Construction Defect Review Guidelines"

12  were not sealable because plaintiff failed to make proper showing).

13      Here, the Parties have sought to seal broad swaths of documents without

14  identifying with any particularity which documents or portions of documents are really

15  confidential. If Defendant wished to seal, for example, a discussion of the specific and

16  proprietary formula it uses to determine reimbursement on insurance claims, it should

17  have specifically identified the specific information to be protected and made such a

18  request. It failed to do so.  It is not this Court's responsibility to review large amounts of

19  un-labeled and un-described documents to determine if they are confidential.

20      In addition to failing to meet the compelling reasons standard, the requests also

21  fail to meet the particularity required under Local Rule 141.  That Rule requires the

22  parties to specifically address "the statutory or other authority for sealing, the requested

23  duration, the identity, by name or category, of persons to be permitted access to the

24  documents, and all other relevant information." Local Rule 141. Further, "[t]he

25  documents for which sealing is requested shall be paginated consecutively so that they

26  may be identified without reference to their content, and the total number of submitted

27  pages shall be stated in the request." <u>Id.</u>

28      Accordingly, the pending requests to seal are hereby DENIED without prejudice.

1   As Defendant is asserting the confidential nature of the documents, Defendant is hereby

2   ordered to file a single request to seal all  documents filed by either Plaintiff or Defendant

3   that Defendant represents in good faith qualify for sealing under the above described

4   criteria. The request to seal documents shall comply with Local Rule 141 and be filed

5   within fourteen (14) days of the issuance of this order. Plaintiff shall provide Defendant

6   with electronic copies of its un-redacted briefs and exhibits thereto, and Defendant shall

7   then submit to the Court versions of its and Plaintiff's pleadings and papers in which

8   Defendant has redacted information that it believes is protectable and sealable. The

9   amended notice and request to seal shall provide a detailed list, describing every

10  document or portion of document to be sealed, "the statutory or other authority for

11  sealing, the requested duration, the identity, by name or category, of persons to be

12  permitted access to the documents, and all other relevant information." Local Rule 141.

13  Further, "[t]he documents for which sealing is requested shall be paginated

14  consecutively so that they may be identified without reference to their content, and the

15  total number of submitted pages shall be stated in the request." Id.  Upon review, the

16  Court shall "file in the publicly available case file an order granting or denying the

17  Request. The order shall identify the documents for which sealing has been granted or

18  denied by page number without revealing their contents. The Court may file a more

19  detailed ruling under seal." Id.

20      If the Court grants the request to seal in whole or in part, its Order shall then

21  further direct the parties regarding their respective duties to publically file all documents

22  not sealed and to separately submit for the court's review complete copies of all of the

23  documents considered confidential and all of the documents filed under seal

24  conspicuously marked as such.

25

26  IT IS SO ORDERED.

27      Dated:   October 31, 2013         /s/ *Michael J. Seng*

28                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28