IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COREY LOCKE,**<br><br>                                     Plaintiff,<br><br>v.<br><br>**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**<br><br>                                     Defendant. | 1:12-cv-01430 MJS<br><br>**ORDER REGARDING REQUEST TO REDACT DOCUMENTS**<br><br>(Doc. 68.) |

**I.    PROCEDURAL HISTORY**

Presently before the Court is Defendant American Bankers Insurance Company of Florida's ("ABIC") motion for partial summary judgment and motion to dismiss or deny certification and Plaintiff's motion for class certification. (See ECF Nos. 39, 51, 59.) The parties previously requested that the Court seal documents submitted in support of the above-referenced motions. On October 31, 2013, the Court denied, without prejudice, the requests to seal documents.

On November 14, 2013, Defendant responded (Response, ECF No. 68.) that it no longer requested that the Court seal any of the documents originally submitted under seal. (Id. at 2-3.) Instead, Defendants will file redacted copies of certain documents. Defendant's assert that the "redactions are related to third party identifying information such as names and addresses." (Id.)

1

As discussed below, the Court denies the requests to file the redacted documents for failure to comply with the local rules governing redaction.

**II.     REQUESTS TO REDACT**

Defendant has filed redacted papers without a prior order of this court. Local Rule 140(b) prohibits redactions that are not mandated by 140(a) unless a prior court order has been obtained. Here, the parties have stipulated to a protective order that the court signed. (ECF No. 36.) However, that protective order merely provides that the parties will seek sealing for protected material. (Id. at ¶¶ 17-18.) More importantly, the parties' negotiated protective order does not bind the court in determining whether material should be sealed or redacted. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1183 (9th Cir. 2006) (noting the parties cannot rely on a protective order as the sole justification to rebut the presumption of access of records).

As described in the Court's order denying the requests to seal documents, there is a presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana, 447 F.3d at 1178. "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Id. at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). By contrast, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Phillips, 307 F.3d at 1213).

1 Nevertheless, where, the motion is one that will affect whether or not the litigation 2 proceeds, the motion is considered dispositive and subject to the compelling reasons 3 standard. See Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midland Nat'l Life Ins. 4 Co. Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam).

5 Here, Defendant asks to redact portions of documents "related to third party 6 identifying information such as names and addresses." The party seeking to seal or 7 redact these documents must provide a compelling reason why the documents should 8 not be made public. See Kamakana, 447 F.3d at 1183-84 (applying the compelling 9 reason standard for redactions sought in connection with a dispositive motion and noting 10 that the reasons for the redactions lacked sufficient specificity). Defendant has not 11 provided any reasons why the documents should be redacted. While certain information 12 regarding third parties should be redacted under the Federal Rules of Civil Procedure 13 and Local Rules, names and addresses are not specifically enumerated as sensitive 14 information. See Fed. R. Civ. P. 5.2. (last four digits of social security numbers and 15 financial accounts should be redacted unless ordered otherwise); Local Rule 140(a). 16 Defendant has not provided any reason, much less a compelling reason, why the 17 information should be redacted. Therefore, the request to redact (ECF No. 68.) is 18 denied. The filed declaration and attached exhibits is ordered stricken for failure to 19 comply with the local rules. Defendant shall either: (1) file a renewed request to redact 20 documents in compliance with Local Rule 140 describing with particularity compelling 21 reasons for the redactions, or (2) file unredacted versions of the same documents within 22 fourteen (14) days of the date of issuance of this order.

23 For the parties' future reference, no document will be sealed, nor shall a redacted 24 document be filed, without the prior approval of the court. All requests to seal or redact 25 are governed by Local Rules 141 (sealing) and 140 (redaction); protective orders 26 designed to protect the exchange of documents during discovery do not predetermine 27 the filing of sealed or redacted documents on the public docket. The Court will only 28 consider requests to seal or redact filed by the proponent of sealing or redaction. If a

party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

### III.    ORDER

Defendant's request to redact (ECF No. 68.) is denied. The filed declaration and attached exhibits is ordered stricken for failure to comply with the local rules. Defendant shall either: (1) file a renewed request to redact documents in compliance with Local Rule and describing with particularity compelling reasons for the redactions, or (2) file unredacted versions of the same documents within fourteen (14) days of the date of issuance of this order.

IT IS SO ORDERED.

Dated:    November 27, 2013            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE